IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DISH TECHNOLOGIES L.L.C.
and SLING TV L.L.C.,

               Plaintiffs,

       v.

FUBOTV MEDIA INC.,

             Defendant.

Civil Action No. 23-986-GBW

John G. Day, Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE; G. Hopkins Guy, III, BAKER BOTTS L.L.P, Palo Alto, CA; Ali Dhanani, BAKER BOTTS L.L.P., Houston, TX; Kurt Pankratz, BAKER BOTTS L.L.P., Dallas, TX

    *Counsel for Plaintiffs*

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; Tara D. Elliott, Gabriel K. Bell, Rebecca L. Rabenstein, LATHAM & WATKINS LLP, Washington D.C.; Richard G. Frenkel, LATHAM & WATKINS LLP, Menlo Park, CA; Aaron Macris, LATHAM & WATKINS LLP, Boston, MA

    *Counsel for Defendant*

## MEMORANDUM OPINION

May 21, 2024
Wilmington, Delaware

GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE

Pending before the Court is Plaintiffs DISH Technologies L.L.C. and Sling TV L.L.C.'s (collectively "Dish") Motion For Leave To File A First Amended Complaint (D.I. 33) and Defendant FuboTV Media Inc.'s (FuboTV) Motion To Dismiss For Failure To State A Claim (D.I. 10). For the reasons set forth below, the Court grants Dish's motion for leave to file a First Amended Complaint and denies as moot FuboTV's motion to dismiss.

## I.   BACKGROUND

In this action, Dish asserts certain claims from U.S. Patent Nos. 8,868,772 (the "'772 patent"), 9,407,564 (the "'564 patent"), 10,469,554 (the "'554 patent"), 10,469,555 (the "'555 patent"), 10,757,156 (the "'156 patent"), 10,951,680 (the "'680 patent"), 11,470,138 (the "'138 patent"), and 11,677,798 (the "'798 patent") (collectively, the "Asserted Patents"). In Dish's original complaint, Dish asserts a single claim from each of the Asserted Patents. D.I. 1. In response to Dish's complaint, FuboTV moves to dismiss, contending that each of the claims asserted in Dish's original complaint are patent-ineligible under § 101. *See* D.I. 11. Also, because each of the specifically-asserted claims in Dish's complaint are allegedly patent-ineligible, FuboTV contends that Dish's motion to amend should be dismissed with prejudice. *Id.* Dish disagrees, and contends that its specifically-asserted claims are (1) not representative of the Asserted Patents' remaining claims, and (2) patent-eligible at both *Alice* step one and *Alice* step two. D.I. 14. In the alternative, if the Court is inclined to grant FuboTV's motion, Dish requests leave to file an amended complaint to plead supplemental supporting facts. *Id.*

The Court heard oral argument on FuboTV's motion to dismiss after it was fully-briefed and, consistent with its general practice, informed the parties at that hearing that the Court would

attempt to issue a ruling on FuboTV's motion to dismiss within sixty (60) business days. After the Court heard oral argument on FuboTV's motion to dismiss but before the Court issued a ruling on that motion, Dish filed its motion for leave to file an amended complaint. D.I. 33. In that proposed amended complaint, Dish seeks to (1) assert additional independent and dependent claims from the Asserted Patents, and (2) plead supplemental facts showing that those claims are patent-eligible. *See id.* FuboTV objects, and argues that Dish's motion for leave to file an amended complaint is untimely. D.I. 35.

## II.  LEGAL STANDARD

### A.  Leave To Amend

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000) (citing Fed.R.Civ.P. 15(a)). Under Rule 15(a), the decision to grant or deny leave to amend lies within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997). Thus, leave to amend should be freely granted, unless the party opposing the amendment can demonstrate undue delay, bad faith, dilatory motives, unfair prejudice or futility. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F.Supp.2d 631, 634 (D.Del.2006). The question of undue delay focuses on the reasons why a party did not seek leave to amend sooner. *Id.* Delay alone is generally an insufficient reason to deny leave to amend, but if the delay is coupled with either an unwarranted burden on the Court or undue prejudice to the non-moving party, the Court may deny leave to amend. *Id.*

## III.    DISCUSSION

FuboTV contends that the Court should deny Dish's motion for leave to file an amended complaint because (1) Dish's undue delay in seeking leave to amend will prejudice FuboTV and the Court, and (2) Dish's amendment would be futile.  D.I. 35.  Dish disagrees, and contends that (1) it did not delay in seeking leave to amend, (2) granting its motion will not prejudice FuboTV, and (3) its amendment would not be futile.  D.I. 34.

### A.    Dish Delayed in Seeking Leave to Amend its Complaint, but the Delay Was Not Undue.

Generally, Dish's proposed amended complaint asserts new claims from the same patents Dish asserted in its initial complaint, along with new allegations in support of the subject-matter eligibility of those patents.  *See generally* D.I. 33.  The Court is not convinced that DISH's motion for leave to amend and assert new claims was unduly delayed.  To date, the Court has not ruled on FuboTV's motion to dismiss.  Also, this is not a case where Dish has had multiple opportunities to plead patent-eligible claims and has failed to do so.  Further, because the Court has not entered a scheduling order in this case, the deadline for Dish to identify the claims it intends to assert and provide infringement contentions for those claims has not passed.  Thus, even if the Court were to grant FuboTV's motion to dismiss, Dish would likely be able to assert, in this action, additional claims from the patents it asserted in its initial complaint.  *See 10X Genomics, Inc. v. Curio Bioscience, Inc.*, C.A. No. 23-1375, D.I. 34 (D. Del. May 9, 2024) ("The Court is concerned that more claims will ultimately be asserted in this case beyond the five identified in the Complaint. Indeed, although Plaintiff has yet to provide its infringement contentions, the Scheduling Order in this case references assertion of up to 50 claims across the patents (to be later dropped to 20 claims").

With respect to the additional allegations that Dish seeks to plead in its proposed amended complaint, FuboTV contends that Dish has failed to show adequate reasons why Dish did not amend sooner. D.I. 35. Specifically, FuboTV contends that anything Dish wants to plead now could have been plead in Dish's original complaint, because Dish has already litigated this technology against other defendants before the ITC. *Id.* FuboTV argues, if Dish intended to file an amended complaint, Dish should have done so before the parties briefed and the Court heard oral argument on FuboTV's motion to dismiss. *Id.* Dish responds that its amendments are in response to FuboTV's argument that this action should be dismissed with prejudice (i.e. without leave to amend to assert additional claims) because Dish's originally-asserted claims are ineligible under 35 U.S.C. § 101. *See* D.I. 16 at 3. It appears that at least some of the information Dish seeks to include in its amended complaint applies to both Dish's newly-proposed claims and those claims that Dish asserted in its original complaint. *See generally, e.g.*, D.I. 33, Ex. 2 (pleading additional information regarding prior art streaming technologies and the asserted patents' alleged improvements over the prior art); *but see* D.I. 35 at 2 (FuboTV acknowledging that at least some of the claim charts in Dish's proposed amended complaint contain information obtained after the filing date of the initial complaint). Accordingly, the Court finds that Dish delayed in seeking leave to amend to assert new allegations for the subset of allegations that are based on facts that Dish knew, or should have known, as of the filing date of the original complaint.

The Court also finds, however, that Dish's delay in seeking leave to amend its complaint to include those allegations was not "undue." When the Court dismisses without prejudice a party's complaint for pleading deficiencies, that party can attempt to re-plead by adding additional factual allegations. *See, e.g., TrackTime, LLC v. Amazon.com Services LLC, et al.*, C.A. No. 1:18-cv-01518-MN, D.I. 34 (D.Del. Jan. 8, 2020) (granting plaintiff's motion for "leave to file an

amended complaint to add allegations relevant to step two of the 101 inquiry" and denying defendant's motion to dismiss after finding "that the proposed amended complaint contains well-pleaded factual allegations as to whether the claim elements or their ordered combination are well-understood, routine and conventional.") (citing *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1126-1127, 1131 (Fed. Cir. 2018)). Because "delay alone is generally an insufficient reason to deny leave to amend," that party has some leeway in attempting to re-plead by asserting facts that they knew, or should have known, as of the filing date of the initial complaint. *Id.* Under the circumstances of this case, the Court is not persuaded that Dish's decision to amend its complaint to include facts that it believes are sufficient to show that its asserted claims are patent-eligible prior to the Court ruling on the pending motion to dismiss (as opposed to after) supports a finding of undue delay. The Court also is not persuaded that Dish has moved for leave to file an amended complaint in bad faith or with a dilatory motive. *See, e.g.,* *Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006) ("The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case."). Accordingly, the Court finds that Dish did not unduly delay in seeking leave to file its amended complaint.

## B.   Amendment of the Complaint by Dish Would Not be Futile.

The Court next considers whether Dish's amendment would be futile. Upon review and evaluation, the Court cannot find that Dish's proposed amendment would be futile.

Dish's motion seeks to assert over a hundred additional independent and dependent claims from the same patents asserted in Dish's original complaint. *See generally* D.I. 33. FuboTV argues that the new claims that Dish seeks to assert are not meaningfully different for § 101 purposes from the claims that Dish asserted in its original complaint. D.I. 35. However, having

independently reviewed Dish's newly-proposed claims, the Court disagrees. Specifically, the Court finds that at least some of the dependent claims asserted in Dish's proposed First Amended Complaint may recite elements that make those claims "distinctively significant" from the claims asserted in Dish's original complaint. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018).

Moreover, Dish's proposed First Amended Complaint pleads additional facts which, taken as true (as *Aatrix* requires at this stage and under these facts), adequately allege that the claims contain a sufficient inventive concept. Specifically, the First Amended Complaint adequately alleges that the asserted patents are patent-eligible as an improvement to a computer. *See* D.I. 33, Ex. 2 at ¶ 26 (explaining that the invention claimed by the asserted patents improves over prior-art streaming technologies through the use of client-controlled bitrate-switching, describing how the client "makes the determination of which quality and which streamlet to request," and alleging that such a client-centric system allows for benefits such as maintaining quality while eliminating "buffering," the elimination of the need for "specialized video servers," "redundancy" and a "vast reduction in operating and publishing costs."). Taken as true, "[t]hese allegations suggest that the claimed invention is directed to an improvement in the computer technology itself and are not directed to generic components performing conventional activities." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1127 (Fed. Cir. 2018). FuboTV argues that the newly-proposed claims do not add limitations that would affect the Court's analysis of its pending motion to dismiss because the newly-proposed claims merely recite generic features of computer technology. D.I. 35. However, even if the Court were to assume that FuboTV is correct, Dish's amended allegations adequately allege a "non-conventional and non-generic arrangement of known, conventional pieces." *Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d

1341, 1351 (Fed. Cir. 2016); *see* D.I. 32, Ex. 2 at ¶ 26 (alleging that the client-centric system claimed by the asserted patents "advantageously enables a client to open multiple TCP connections to web servers or caches so that, for example, when a TCP connection fails completely or if a request is not being satisfied in a timely manner, a new or redundant request may be sent on a different connection for the same streamlet") (internal citations omitted).

In some cases, it may be clear from the face of the patent that the alleged benefit of the claimed invention "lies entirely in the realm of abstract ideas." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1163 (Fed. Cir. 2018) (holding that claims directed to "selecting certain information, analyzing it using mathematical techniques, and reporting or displaying the results of the analysis" were abstract "no matter how groundbreaking the advance" of those claims over the prior art"); *see also AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1380 (Fed. Cir. 2024) ("Conclusory allegations, or those wholly divorced from the claims or the specification, cannot defeat a motion to dismiss.") In *SAP*, the Federal Circuit found that all of the claim details identified by the plaintiff in that case were either "abstract," or lacked sufficient "factual allegations from which one could plausibly infer that [those claims] were inventive." *Id.* at 1169. In the instant case, however, Dish has plead facts sufficient to show that (1) having the client, rather than the server make the decision to shift streaming quality improves over the prior art, *see* D.I. 32, Ex. 2 at ¶ 26, and (2) at least some of the claims of the Asserted Patents recite having the client decide what quality streamlet to request from the server based on, for example, "the available bandwidth of the plurality of TCP connections." *See, e.g.*, '772 patent, claim 10; *cf. AI Visualize*, 97 F.4th at 1379 ("We refuse to import details from the specification if those details are themselves not claimed."). Accordingly, the Court finds that there is a genuine dispute of material fact with respect to whether the claims "focus on a specific means or method that improves the relevant

technology." *AI Visualize,* 97 F.4th at 1378 (citing *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016)). To the extent that FuboTV argues that the alleged inventive concepts in the claims are no more than the abstract idea themselves, see *AI Visualize,* 97 F.4th at 1381, the Court, considering the number of asserted claims in Dish's proposed amended complaint and the parties' dispute with respect to whether any of those claims are representative, declines to address that argument at this time. To the extent that any § 101 issues remain after the asserted claims have been narrowed through the parties' disclosures and discovery, FuboTV may raise those issues at the summary judgment stage. *See, e.g., Roku, Inc. v. AlmondNet Inc.*, C.A. No. 1:21-cv-1035-MN, D.I. 35 at 2 (D.Del. May 10, 2022) (denying § 101 motion as "not an efficient use of the Court's time" where "the parties dispute whether th[e] claims are representative" and "the asserted claims will be narrowed through the parties' disclosures and discovery").

Accordingly, the Court finds that amendment is not futile because Dish's proposed First Amended Complaint adequately alleges that the asserted claims contain an inventive concept. Thus, the Court grants Dish's Motion for Leave to File a First Amended Complaint. The Court denies-as-moot FuboTV's motion to dismiss (D.I. 10) without prejudice to renew at summary judgment the § 101 issues, to the extent any remain and are appropriate for disposition at that time.[1]

---

[1] Given the factual disputes which must be taken as true for purposes of a motion to dismiss and the disputes about the representativeness of the claims, Dish's First Amended Complaint should not be the subject of future motions to dismiss on § 101 grounds.

## IV.    CONCLUSION

For the foregoing reasons, this 21st day of May, 2024, **IT IS HEREBY ORDERED** that:

1.    Dish's Motion For Leave To File A First Amended Complaint (D.I. 33) is **GRANTED**.

2.    FuboTV's Motion To Dismiss For Failure To State A Claim (D.I. 10) is **DENIED-AS-MOOT** without prejudice to FuboTV's ability to raise at summary judgment any remaining § 101 issues.